LEVI HIBBARD, petitioner for *habeas corpus*,

*vs.*

CYRUS K. BRIDGES.

CUMBERLAND. Opinion July 22, 1884.

*Industrial School for Girls. Habeas corpus. Stats. 1873, c. 141; 1878, c. 63; 1879, c. 87.*

In hearing complaints under the statutes regulating the commitment of girls to the Maine Industrial School for Girls, when satisfied of the truth of the allegations, the court may order her committed to the "custody and guardianship of the officers, of said school during her minority, unless sooner discharged by process of law."

Where no such order or judgment is passed, there is nothing to appeal from, and the court has no power to order the girl to pay two dollars and fifteen cents, for copies of the record and the entry in the appellate court and to procure bail and in default thereof to be committed to jail.

In such cases, the mittimus should show the jurisdiction of the court by reciting among other facts, that the complainant was the parent or guardian of the girl, or the municipal officers, or "three respectiable inhabitants," of the city or town where she was found.

The question as to the constitutionality of the law, prescribing the proceedings and process for committing girls to the Industrial School, is not decided by the court.

ON REPORT on agreed statement of counsel.

The opinion states the case and material facts.

*H. D. Hadlock,* for the plaintiff.

*Drummond and Drummond,* for the defendant.

LIBBEY, J. This is *habeas corpus,* for the release of Lizzie Hibbard, the plaintiff's minor daughter, aged eight years, from alleged unlawful restraint by the defendant.

The defendant made return upon the writ, that he holds said Lizzie, as city marshal of Portland, by virtue of a mittimus issued by the municipal court of Portland, for her commitment to jail. The mittimus is made a part of the case, and is the only evidence of the defendant's authority to hold said child in custody. The legality of her imprisonment must be determined by the mittimus by virtue of which she is held. *O'Malla* v. *Wentworth,* 65 Maine, 129. We think it is insufficient on two grounds.

1. The proceedings against the girl are based upon act of 1873, c. 141, as amended by act of 1878, c. 63, and act of 1879, c. 87. By section first of said act complaint may be made to the judge of probate, trial justice or judge of a municipal or police court, for the commitment of any girl between the ages of seven and fifteen years for the causes therein specified, to the custody and guardianship of the officers of the Industrial School for Girls, by a parent or guardian of the girl, "or any three respectable inhabitants of any city or town where she may be found." The complaint is not for a crime or misdemeanor. The statute confers on the courts named a special jurisdiction for the guardianship of girls between the ages named. They may be taken from their parents, and restrained of their liberty in the Industrial School for Girls, during their minority. The mittimus should show the jurisdiction of the court. In this case it recites that the girl was brought before the court "on complaint of C. K. Bridges, J. F. Langmaid, and Benj. Gribben." It does not recite that they were "respectable inhabitants" of Portland where the girl lived and was found, nor that they were inhabitants of Portland. In this respect it is insufficient to show the jurisdiction of the court.

2. The same section of the act provides that, "the judge or justice , . . may examine into the truth of the allegations

of the complaint, and if satisfactory evidence thereof is adduced, and it appears that the welfare of such girl requires it, he may order her to be committed to the custody and guardianship of the officers of said school during her minority, unless sooner discharged by process of law. " In this respect the mittimus recites merely, that " satisfactory evidence of the truth of said allegations is adduced, and it clearly appears that the welfare of said Lizzie Hibbard requires that she be committed to the custody and *management* of the *managers* of the Maine Industrial School for Girls. " It does not appear that any order was passed that she be " committed to the custody and guardianship of the officers of said school during her minority. " It does not appear that any order was passed for her commitment. By § 9 of said act, any girl ordered to be committed to the school may appeal from such order. Here no order or judgment was passed, and there was nothing to appeal from. The court had no power to order the girl to pay two dollars and fifteen cents for copies of the record and the entry in the appellate court and to procure bail, and in default thereof to be committed to jail. So far as the mittimus shows, the appeal and these orders were merely void.

For these reasons, Lizzie Hibbard must be discharged.

Other questions have been very ably and elaborately argued by counsel. One of them is the question of the constitutionality of the act under which this proceeding is had. It is claimed that the process for the commitment of girls to said school for the causes named in the first section of the act, is in violation of article 1, § 6 of the constitution of this state, and of § 1 of the 14th amendment of the constitution of the United States, because it deprives the girl of her liberty without " due process of law, " or " the law of the land. " It is said that no crime, no wrong, is charged against the girl, but that by the provisions of the act, as construed by the learned counsel for the defendant, she is arrested and restrained of her liberty, and subjected to all the disabilities and burdens incident to a criminal prosecution, while the object to be accomplished is merely to place her under guardianship, for her nurture and proper mental and moral education. This is a very grave question, but as it is not

necessarily involved in the determination of the rights of the parties in this case, we think it the better practice not to attempt to determine it. If the act is subject to this objection the legislature can amend it, so as to provide process for the commitment for the causes named in the first section, purely civil in its character, similar to the proceedings for the appointment of guardians by the probate courts, or in some other manner which will remove this objection.

> *Lizzie Hibbard is discharged*
> *from imprisonment.*

PETERS, C. J., WALTON, VIRGIN, EMERY and HASKELL, JJ., concurred.